612 September 24, 2025 No. 838

*This is a nonprecedential memorandum opinion pursuant to ORAP 10.30 and may not be cited except as provided in ORAP 10.30(1).*

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

JAKE MICHAEL McGLONE,
*Defendant-Appellant.*

Washington County Circuit Court
23CN05967; A183709

Kelly D. Lemarr, Judge.

Submitted August 22, 2025.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Anna R. Johnson, Deputy Public Defender, Oregon Public Defense Commission, filed the brief for appellant.

Dan Rayfield, Attorney General, Benjamin Gutman, Solicitor General, and Christopher A. Perdue, Assistant Attorney General, filed the brief for respondent.

Before Tookey, Presiding Judge, Kamins, Judge, and Jacquot, Judge.

TOOKEY, P. J.

Portion of judgment imposing probation conditions not announced in open court vacated and remanded for resentencing; otherwise affirmed.

**TOOKEY, P. J.**

The trial court found defendant in contempt of a Family Abuse Prevention Act (FAPA) restraining order. The court imposed a punitive sanction of two years of supervised probation, ordered no contact with the victim, and imposed a "drug and alcohol package" of special probation conditions. In open court, the court announced some of the conditions of the drug and alcohol package but failed to announce all of the conditions that the court included in the judgment. Defendant contends in his first through sixth assignments of error that his sentence must be reversed and remanded.[1] The state concedes error with respect to the first through sixth assignments of error. We accept the state's concession and remand defendant's judgment.

The trial court's shorthand reference to the drug and alcohol package at sentencing was not sufficient to inform defendant of all the parts of his sentence included in the judgment, in the absence of an indication in the record of what is included in the alcohol and drug package. *State v. Priester*, 325 Or App 574, 582-83, 530 P3d 118, *rev den*, 371 Or 332 (2023) (court's shorthand reference to a "package" is not sufficient to comply with the court's statutory obligation to announce conditions in open court where the record does not reflect what is a part of the package). Thus, the trial court erred by imposing special probation conditions in the written judgment that it did not announce at sentencing, and defendant's sentence must be reversed.

In his seventh assignment of error, defendant challenges the trial court's authority to impose any drug and alcohol conditions, arguing that the circumstances of defendant's contempt violation were not reasonably related to alcohol and drug use. *See* ORS 137.540(2) (court may impose "any special conditions of probation that are reasonably related to the crime of conviction"). The state responds that

---

[1] Defendant contends in his first through sixth assignments of error that the court erred in imposing for the first time in the judgment conditions that defendant submit to a substance abuse evaluation; that defendant not use or possess controlled substances; that defendant not accept any prescriptions without notifying the provider of his substance abuse history; that defendant not possess drug paraphernalia; that defendant not frequent places where drugs are bought or sold; and that defendant install an ignition interlock device on his car.

defendant did not preserve his objections to the imposition of the conditions on that ground. We agree with the state that the issue is unpreserved and therefore decline to address the seventh assignment. However, defendant will have an opportunity at resentencing to raise the issue.

Portion of judgment imposing probation conditions not announced in open court vacated and remanded for resentencing; otherwise affirmed.